UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ana Luisa Méndez Oliver; Luis Gabriel Méndez Flores; Angela Eva Méndez Flores<br><br>**Plaintiffs**<br><br>vs.<br><br>**PUERTO RICO ELECTRIC POWER AUTHORITY; JOHN DOE; RICHARD ROE; INSURANCE COMPANIES X & Y; CORPORATIONS W & Z;**<br><br>**Defendants.** | CIVIL NO. 21-1244<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW,** plaintiff through their undersigned attorney and very respectfully **STATE, ALLEGE AND PRAY:**

### I.   JURISDICTION

1.1   The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Section 1332(a)(1).

1.2   This action is of a civil nature, invoking inclusive of interest and costs a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).  Every issue of law and fact alleged herein is wholly between citizens of different states.  Plaintiffs invoke the diversity jurisdiction of this Honorable Court pursuant to the provisions of Article III of

1

the Constitution of the United States.

## II. THE PARTIES

2.1 Plaintiff Ana Luisa Méndez Oliver is the sister of the deceased Luis Méndez Oliver, she is of legal age and is a citizen and resident of Syracuse New York.

2.2 Plaintiff Luis Gabriel Méndez Flores is the brother of the deceased Luis Méndez Oliver, he is of legal age and is a citizen and resident of Chino Valley, Arizona.

2.3 Plaintiff Angela Eva Méndez Flores, is the sister of the deceased Luis Méndez Oliver, she is of legal age and is a citizen and resident of Dallas, Texas.

2.4 Co-defendant Puerto Rico Electric Power Authority (PREPA), a.k.a. Autoridad de Energia Electrica, is a public corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico.

2.5 Codefendants Insurance Companies X & Y, whose names are unknown to plaintiffs, are entities authorized to do business under the laws of the Commonwealth of Puerto Rico, which had issued insurance policies covering the damages caused by the acts and omissions which are herein alleged .

2.6 Codefendants Corporations "W" & "Z", whose names are unknown to plaintiffs, are entities organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the said commonwealth of Puerto Rico.

2.7 Codefendants John Doe and Richard Roe, whose names are unknown to plaintiffs are a citizens of the Commonwealth of Puerto Rico.

## III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1   On November 30, 2020, at around 2:50 pm, Mr. Luis Alberto Méndez Oliver was working on the roof of Island Health Center or Centro de Vacunación Mi Salud located on Carr. # 2, Marginal Santa Cruz, Bayamón Puerto Rico.

3.2   While installing a commercial sign on the roof of said property, Mr. Méndez Oliver inadvertently made contact with an electric line that belonged to the Puerto Rico Electric Power Authority ("PREPA"), suffering an electrical discharge from a high voltage line which caused his electrocution and death.

3.3   Codefendant PREPA was the owner of, and had full control of the electric lines that caused the electrocution.

3.4   The premature death of Luis Méndez Oliver, who was 39 years old, was the consequence of a Puerto Rico Power Authority (PREPA) power line that ran dangerously and negligently low, and in violation of standards and safety codes, over the roof of the Centro de Vacunación Mi Salud or Island Health Center.

3.5   Co-defendant PREPA, through its staff, employees, personnel and agents, was grossly negligent and failed its duty to properly install, maintain and/or observe horizontal and vertical minimum safety clearances from its equipment and other objects in order to prevent accidents and electrocution as happened in this case to deceased Luis Méndez Oliver.

3.6   Co-defendant PREPA, through its personnel, employees, staff and agents, had a duty and obligation to perform safe installation with proper clearances, regular inspections to its lines, maintain records of those inspections and perform the necessary works to avoid and/or correct dangerous situations.

3.7   It was foreseeable to PREPA, its personnel, employees, staff and agents, that a power line over the roof of a commercial space, at a much reduced height and horizontal clearance, and without any type of insulation, constituted a dangerous condition that placed life and property at risk.

3.8   Codefendant PREPA, through its staff, employees, personnel and agents, was grossly negligent by not correcting the clearance violation and not insuring the safe installation, which caused and/or contributed to Luis Méndez demise. Therefore, PREPA is liable to plaintiffs by incurring in gross negligent and substandard practices in the installation, maintenance and care of its power lines and equipment, in accordance with articles 1536, 1538, 1539 and 1540 of the Puerto Rico Civil Code.

3.9   Codefendant PREPA, through its staff, employees, personnel and agents, breached the National Electrical Safety Code and its own regulations and standards regarding electrical lines horizontal and vertical minimum safety clearances by operating an uninsulated electrical line above a commercial building roof at a much reduced height.

3.10   The grossly negligent acts, errors and omissions of PREPA's administrative and/or technical personnel and agents directly caused and/or contributed to the event that caused the death of Luis Méndez Oliver.

3.11   PREPA failed its duty to perform with due diligence the necessary works to inspect, supervise and correct the horizontal and vertical minimum safety clearances breaches.

3.12   This accident was totally foreseeable and thus avoidable, and is the result of lack

of regular and mandatory maintenance and supervision by codefendant PREPA.

3.13  Defendant PREPA, through its staff, employees and agents, failed to act as a reasonable and prudent man or "good family man".  PREPA"s duty of care included the obligation to anticipate and to prevent any damages that were reasonably preventable, life the ones sustained by Mr. Mendez.

3.14  As a direct consequence of codefendants' gross negligence, plaintiff Ana Luisa Méndez Oliver, Luis Gabriel Méndez Flores and Eva Méndez Flores have suffered, suffer and will forever suffer deep and severe mental and emotional anguishes, severe depression, and loss of enjoyment of life for the premature loss of their brother.  They request as compensation for their damages a sum of not less than Five Hundred Thousand ($500,000.00) Dollars for each one.  Each plaintiff also requests additional compensation of not less than the amount for damages granted to him or her by the Court, as per article 1538 of the Puerto Rico Civil Code which provides that when the acts and/or omissions are performed with grave contempt and disregard for the life, security and property of others, the court may impose additional compensation that will not exceed the amount of the damage caused.

3.15  Co-defendants Corporations "W" and "Z" are entities whose names are not known and which in some way had a duty to PREPA and or to the public , which was breached and caused and or contributed to Luis Méndez Oliver death and plaintiff's damages. They are therefore liable to plaintiffs for the negligent acts and omissions of its employees, personnel and agents.

3.16  Insurance companies "X" and "Y"", whose identity is not known to plaintiffs,  are

liable to plaintiffs for the negligent acts and/or omissions of its insured PREPA and or insured unknown codefendants by virtue of policies issued by them to cover the damages that resulted from the negligent acts and omissions that caused and or contributed to Luis Méndez Oliver death and plaintiff's damages.

3.17 Co-defendants John Doe and Richard Roe, whose identities and names are unknown, are persons whose breach of duty and negligent actions and omissions caused and/or contributed to Luis Méndez Oliver death. They are therefore liable to plaintiffs for their negligent acts and omissions.

3.18 All codefendants are jointly and severally liable to plaintiff under articles 1536, 1539 and 1540 of the Puerto Rico Civil Code, the laws of the Commonwealth of Puerto Rico and the jurisprudence of the Supreme Court of Puerto Rico for their breach of duty, torts and negligent acts and omissions which departed from the standards of the electric power industry, and the standards of the reasonable and prudent man or "good family man".

3.19 Plaintiffs have been impeded and denied access to the place where the accident took place; therefore, a detailed inspection has not been performed. Furthermore, plaintiffs do not have access to vital information which is under the possession of the co-defendant PREPA. As a result, plaintiffs do not and cannot know all the facts related to this incident.

**WHEREFORE**, plaintiffs respectfully request from this Honorable Court to:

1. Grant a judgment against co-defendants for the sums herein requested together with pre-judgment interests, costs and reasonable attorney's fees.

2. Grant plaintiffs such other relief, as it may deem proper and necessary under the circumstances.

3. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs also hereby request a trial by jury in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28th day of May, 2021.

**S/Rafael E. García Rodón**
**RAFAEL E. GARCÍA RODÓN**
**USDC-PR No. 129911**
Banco Popular de PR Bldg.
206 Tetuán Street
7th Floor, Suite 701
San Juan, PR 00901
Tel. (787) 722-7788 Fax (787) 722-7748
E-mail: rgrlaw@gmail.com